## In re COMMITMENT OF Laray MALONE, Jr.

### No. 09–09–00504–CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 8, 2011.

Decided March 31, 2011.

George W. Lang II, Nelda F. Williams, State Counsel for Offenders, Huntsville, for appellant.

Melinda Fletcher, Special Prosecution Unit, Amarillo, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

A jury determined that Laray Malone, Jr. is a sexually violent predator under Texas law. *See* Tex. Health & Safety Code Ann. §§ 841.001–.150 (West 2010) (SVP statute). The jury found that Malone suffers from a behavioral abnormality that predisposes him to engage in a predatory act of sexual violence. Malone presents two issues in his appeal from the trial court's judgment and order of civil commitment. We find no error and affirm the trial court's judgment.

### Discovery Sanctions

■ In issue one, Malone argues the trial court abused its discretion by imposing sanctions for Malone's refusal to respond to discovery, consisting of requests for admission, interrogatories, and a notice of deposition issued by the State. According to Malone, the discovery methods authorized by the Texas Rules of Civil Procedure are not authorized under the SVP statute. Instead, Malone contends the only discovery authorized in a civil commitment case is an examination by an expert, and he argues that the consequences for a person's failure to submit to an examination are limited to the sanctions provided under section 841.061(f).[1] *See* Tex. Health

---

1. The SVP statute subjects persons to the following possible consequences for the person's failure to submit to an expert examination at the State's request:

& Safety Code Ann. § 841.061(f). We disagree with Malone's construction of the SVP statute.

Section 841.061(f) specifies that "[a] person who is on trial to determine the person's status as a sexually violent predator is required to submit to all expert examinations that are required or permitted of the state to prepare for the person's trial." *Id.* Nevertheless, the statute does not state that the person's submission to an expert's examination is · the ·exclusive means of discovery in a civil commitment proceeding. *See id.* On the contrary, section 841.146 of the SVP statute provides that ."[e]xcept as otherwise provided by this subsection, a civil commitment proceeding is subject to the rules of procedure and appeal for civil cases. To the extent of any conflict between this chapter and the rules of procedure and appeal for civil cases, this chapter controls." Tex. Health & Safety Code Ann. § 841.146(b).

By classifying SVP cases as civil cases, the Legislature intended that, in the absence of conflict, the Texas Rules of Civil Procedure, which include the rules of discovery, would be applied to civil commitment cases. *See id.*; Tex.R. Civ: P. 1. With the exception of requiring the person being tried to submit to an expert examination, the SVP statute is silent regarding the pre-trial procedures for conducting pre-trial discovery. With respect to failing to attend a deposition or answer requests for admission, the conduct that resulted in the trial court issuing the sanctions at issue here, the SVP statute, except to the extent its general provisions adopt the Texas Rules of Civil Procedure, does not

expressly identify the sanctions available for remedying discovery abuse. *See* Tex. Health & Safety Code Ann. § 841.146(b); Tex.R. Civ. P. 215.2 (Failure to Comply with Order or with Discovery Request), 215.4 (Failure to Comply with Rule 198); *see also* Tex.R. Civ. P. 198 (Requests for Admissions). The requirement that a person submit to an expert examination under section 841.061(c) does not, in our opinion, evidence a legislative intent to preclude the use of the discovery tools generally available to the parties under the Texas Rules of Civil Procedure. *See* Tex. Health & Safety Code Ann. § 841.061(c). We conclude there is no conflict between the SVP statute and the Texas Rules of Civil Procedure regarding the discovery methods used by the State in this case.

We hold the trial court did not abuse its discretion by applying the discovery rules for the discovery methods authorized by the Texas Rules of Civil Procedure. Because the SVP statute does not provide conflicting rules regarding the sanctions available for a person's failure to submit to a deposition, to answer interrogatories, or to respond to requests for admission, the trial court did not abuse its discretion by imposing the types of discovery sanctions authorized by the Texas Rules of Civil Procedure to remedy Malone's discovery abuse. *See* Tex.R. Civ. P. 215.2, 215.4. We overrule Malone's first issue.

### Excessiveness

■ In issue two, Malone argues' the sanctions imposed by the trial court were excessive because they precluded his pres-

---

(1) the person's failure to participate may be used as evidence against the person at trial;

(2) the person may be prohibited from offering into evidence the results of an expert examination performed on· the person's behalf; and

(3) the person may be subject to contempt proceedings if the person violates a court order by failing to submit to an expert examination on the state's behalf.

Tex. Health & Safety Code Ann. § 841.061(f) (West 2010).

entation of the merits of his case. Malone contends the trial court imposed death penalty sanctions for his refusal to submit to expert examinations.

First, we note the record reflects the trial court struck Malone's pleadings because he refused to submit to a deposition. Further, the record shows the trial court did not award a judgment by default; instead, a jury determined Malone suffers from a behavioral abnormality that predisposes him to engage in a predatory act of sexual violence. Thus, while the sanctions the trial court chose to impose were severe, the trial court did not remove from the jury the question of whether the State proved that Malone was predisposed to commit a predatory act of sexual violence.

Significantly, lesser sanctions were considered and attempted before the trial court struck Malone's answer. In early June 2009, Malone appeared for his deposition but refused to be sworn in or to answer any questions. During the initial deposition, Malone's attorney stated that Malone had refused to complete discovery, and had generally refused all cooperation with any part of the lawsuit. Malone's attorney further stated that Malone had been advised that the lawsuit would go forward with or without his cooperation, but that Malone, nevertheless, had refused to cooperate. At that point, Malone's deposition was suspended so the matter could be addressed by the trial court.

The State then filed a motion to compel Malone to answer deposition questions and interrogatories and a motion to deem the State's requests for admission admitted. During the hearing on the State's motion to compel, the trial court advised Malone the case was a civil case, the Rules of Civil Procedure required that Malone submit to a deposition, and the trial court informed Malone of the range of sanctions available should Malone continue to refuse to coop-erate with discovery. The trial court specifically advised Malone that the court had "the option of striking your pleadings, your general denial and proceed[ing] to trial ... nihil dicit, which means then that you have no defense to the state's petition to adjudicate you to be a sexually violent predator." On several occasions, Malone stated that he understood the sanctions that the court could levy should he continue to refuse to be deposed. At the conclusion of the hearing, the trial court gave Malone another opportunity to cooperate by scheduling a date for Malone's deposition.

When the date arrived for Malone's court ordered deposition, Malone persisted in his refusal to submit to questioning. At that point, the trial court conducted a second hearing on the State's motion to compel. The trial court again admonished Malone regarding the sanctions available should Malone continue to refuse to answer questions under oath. The trial court then ordered Malone "to participate in his oral deposition or suffer 'death penalty' sanctions[,]" and gave Malone a chance to talk to his attorney about the consequences of his refusal to comply with the court's ruling. After giving Malone time to consider the court's order requiring Malone to submit to a deposition or risk the penalty of death penalty sanctions, Malone stated he remained unwilling to comply. The trial court then advised Malone that it intended to strike his pleadings, and Malone stated he was willing to accept that as a consequence of his refusal to be deposed. Finally, we note that the trial court's order striking Malone's answer allowed Malone to avoid the court's striking his answer, as the order states "Laray Malone, Jr. may still avoid this sanction if he will forthwith proceed and give his deposition."

After the trial court struck his answer, Malone filed a motion in which he argued that the "sanctions imposed are excessive and not appropriate under the circumstances[,]" and he asked the trial court to reconsider its award of sanctions. Malone's motion argues that the court assessed a death penalty sanction by striking his original answer without first levying a lesser sanction. In denying Malone's request to reconsider, the court noted that Malone "has [the] ability himself to have the sanction set aside. As the sanctions order says, all [Malone] must do is provide his deposition and his General Denial will be in effect." The record does not reflect that Malone was ever deposed.

■■■ We review a trial court's ruling to impose sanctions for an abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex.2006); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The trial court's ruling will be reversed only if the trial court acted without reference to any guiding rules or principles, such that its ruling was arbitrary or unreasonable. *Cire*, 134 S.W.3d at 838–39. To determine if the sanctions were just, there must be a direct relationship between the improper conduct and the sanction the trial court imposed. *Id.* at 839 (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991)). "This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party." *Powell*, 811 S.W.2d at 917.

■■■ Additionally, sanctions must not be excessive, and courts must consider the availability of less stringent sanctions and whether such lesser sanctions would promote the resisting party's compliance with the trial court's rulings. *Cire*, 134 S.W.3d at 839. Striking a party's pleadings is a harsh sanction to be used after the trial court has considered lesser sanctions. *See*

*id.* at 840–41. In all but the most egregious and exceptional cases, the trial court must test lesser sanctions before resorting to death penalty sanctions. *See id.* However, in cases of exceptional misconduct, the trial court is not required to test lesser sanctions before striking a party's pleadings, where the record reflects that the trial court considered lesser sanctions before striking the party's pleadings, and the party's conduct justifies the presumption that its claims lack merit. *See id.*

Trial courts are authorized by Rule 215.2 of the Texas Rules of Civil Procedure to sanction a party for failing to comply with a discovery order. Tex.R. Civ. P. 215.2(b); *see also* Tex.R. Civ. P. 215.1(a) (allowing for court orders compelling depositions). After Malone refused to answer questions during the initial effort to obtain his deposition, the trial court admonished Malone about the sanctions it could impose if he failed to give his deposition. By compelling Malone to submit to a deposition after having explained the sanctions that could result from his continued refusal to answer questions under oath, the trial court provided an opportunity to avoid the sanction. When Malone refused to comply with the order, the court conducted another hearing, and it again advised Malone of the range of sanctions that could be imposed. Nevertheless, Malone continued to refuse to comply with the trial court's ruling. Based on Malone's continued refusal, the trial court ordered Malone "to participate in his oral deposition or suffer 'death penalty' sanctions." After the trial court gave Malone an opportunity to review the court's order with his counsel, Malone continued to state that he would not comply with the trial court's order. Under the exceptional circumstances here, we conclude the record adequately reflects that the trial court tested several options be-

fore deciding that it was necessary to strike Malone's pleadings.

In light of Malone's continued refusals to answer questions in a deposition, the trial court had the discretion to impose a "just" sanction authorized by Rule 215.2(b). *See* Tex.R. Civ. P. 215.2(b). Rule 215.2(b) authorizes trial courts to strike pleadings and to refuse to allow the disobedient party to support or oppose his claims or defenses.[2] *See* Tex.R. Civ. P. 215.2(b)(4), (5). Since one of the issues in SVP cases concerns whether the person alleged by the State to be a sexual predator has a behavioral abnormality predisposing him to engage in a predatory act of sexual violence, the person's testimony is generally relevant to the central issues in dispute. Depriving the State of this information interferes with the State's ability to meet its burden. Given the relevance of the information that a deposition of a person on trial in a SVP case is likely to reveal, as well as the trial court's several attempts to gain Malone's cooperation with pre-trial discovery, we conclude the trial court's remedy was a just sanction.

We hold the trial court did not abuse its discretion in striking Malone's answer and ordering him to proceed to trial nihil dicit.

We further conclude the trial court's order sanctioning Malone was just and that the sanctions imposed by the order were not excessive. Finally, Malone's conduct, in light of the trial court's patient efforts to gain Malone's compliance with discovery, justifies a legal presumption that Malone's defenses lack merit. *See Powell*, 811 S.W.2d at 918; *In re Polaris Indus., Inc.,* 65 S.W.3d 746, 751, 754 (Tex.App.-Beaumont 2001, orig. proceeding) ("Due process is preserved 'by the presumption that the refusal to produce evidence material to the administration of due process [is] but an admission of the want of merit in the asserted defense.'") (quoting *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 351, 29 S.Ct. 370, 53 L.Ed. 530 (1909)).

Having overruled both of Malone's issues, we affirm the jury's verdict and the trial court's judgment.

AFFIRMED.

2.  At the State's hearing on its motion to compel, the trial court was also advised that Malone had failed to respond to the State's requests for admission, and the State asked that the requests be deemed admitted. Noting that such requests are deemed admitted by operation of law when the person on whom they were served fails to timely respond, and that Malone's counsel had responded with responses that stated " '[n]o response[,]' " the trial court ruled that Malone's requests for admission had been "deemed admitted by operation of law." During the trial, the trial court denied Malone's request to strike certain deemed admissions that Malone claimed were not true. The trial court denied Malone's request because Malone failed to demonstrate good cause why the requests had not been answered.