In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00512-CV**

_____

**IN RE COMMITMENT OF ANTHONY EDWARD MCGUIRE**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-02-01798 CV**

**MEMORANDUM OPINION**

Anthony Edward McGuire appeals from an order of civil commitment rendered after a jury found McGuire to be a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (SVP statute). McGuire's appeal challenges two of the trial court's rulings: whether the trial court erred by allowing the State to read McGuire's responses to requests for admission into evidence; and, whether the trial court erred by denying McGuire's motion to transfer venue. We affirm the trial court's judgment.

1

In issue one, McGuire complains the trial court allowed the State to read his responses to the State's requests for admission into evidence. *See generally* Tex. R. Civ. P. 192.1(e) (listing permissible forms of discovery which include requests for admission). According to McGuire, the State used his responses to the requests to diminish the State's burden of proving, beyond reasonable doubt, that he is a sexually violent predator.

Under the SVP statute, the State bears the burden of proving that the person it seeks to commit for treatment is a sexually violent predator. *Id.* § 841.062 (West 2010). As defined by the Legislature, a sexually violent predator is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West 2010).

Unless otherwise provided by the SVP statute, an SVP commitment proceeding is subject to the Texas Rules of Civil Procedure. *See id.* § 841.146(b) (West 2010). Requests for admissions are an allowed form of discovery, as provided in Rule 198, which provides that a matter admitted in a request "is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 198.3. There is no conflict between the SVP statute and Rule 198. *See In re Commitment*

2

*of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). We have previously held that requests for admissions are a permissible form of discovery in SVP cases. *See id.*; *see also* Tex. Health & Safety Code Ann. § 841.146(b).

McGuire argues that by using his responses to the admissions, the State lowered its burden of proof. We disagree that introducing the responses at issue into evidence lowered the State's burden of proof. During voir dire, the State explained that it bore the burden to prove its case "beyond a reasonable doubt." In closing argument, the State argued that it had proven its case "beyond a reasonable doubt[.]" The jury charge used in McGuire's case placed the burden of proof on the State, and the jury question addressing whether McGuire has a behavioral abnormality includes the "beyond a reasonable doubt" standard.

None of the admissions admitted into evidence address the State's burden of proof. While McGuire's responses to the requests were used as evidence, his responses were not used to lower the State's burden of proving its case beyond a reasonable doubt. *See In re Commitment of Camarillo*, No. 09-12-00304-CV, 2013 Tex. App. LEXIS 7212, at **5-7 (Tex. App.—Beaumont June 13, 2013, no pet.); *In re Commitment of Delacruz*, No. 09-11-00554-CV, 2012 Tex. App. LEXIS 649, at **5-7 (Tex. App.—Beaumont Jan. 26, 2012, pet. denied) (mem. op.).

3

The trial court instructed the jury during the trial regarding the jury's use of the admissions at issue. While McGuire argues that the trial court failed to properly instruct the jury concerning the law of admissions, the record shows that McGuire only objected to the State's proffer of the requests into evidence; he did not object that the instruction the trial court gave the jury concerning the requests was improper. The instruction the trial court gave the jury about the requests did not address the State's burden of proof. Nevertheless, McGuire failed to preserve any complaint about the content of the instruction for our review on appeal. *See* Tex. R. App. P. 33.1.

While McGuire argues that the requests were improperly used to prove matters of law rather than facts, the requests and responses allowed into evidence asked McGuire to admit various facts. Requests for admissions may be used to elicit "statements of opinion or of fact or of the application of law to fact[.]" Tex. R. Civ. P. 198.1; *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (explaining that requests may be used to elicit statements of opinion or of fact or of the application of law to fact, but should not be used to require an opposing party to admit claims and concede defenses that a party knows are being disputed). Because the record shows that the requests sought admissions on matters that Rule 198

4

permits, McGuire's argument that the requests were improperly admitted is without merit.

McGuire also argues that the trial court erred by admitting three pen packets into evidence after the trial court admitted his admissions about his prior offenses. The record shows that McGuire objected to admitting these exhibits on the basis that they were more prejudicial than probative. *See* Tex. R. Evid. 403. He did not object that the admission of the pen packets was not relevant in light of the admissions the State introduced into evidence. McGuire has not advanced the same argument regarding the admission of the pen packets in his appeal as the one he advanced at trial. Therefore, his issue one argument concerning the admission of the pen packets was not preserved for appeal. *See* Tex. R. App. P. 33.1. Having concluded that all of McGuire's issue one arguments are without merit, we overrule issue one.

In issue two, McGuire challenges the trial court's denial of his motion to transfer venue to Harris County or another suitable location. In his motion, McGuire argued that transferring his case to Harris County would place the trial within the jurisdiction of a court that had the power to compel witnesses, through the use of subpoenas, to attend his trial. *See* Tex. R. Civ. P. 176.3(a) (providing that a person may not be required to appear in a county that is more than 150 miles

from where the person resides or is served); Tex. Civ. Prac. & Rem. Code Ann. § 22.002 (West 2008) (subjecting a person who lives within 150 miles of the county where the suit is pending to being "subpoenaed in the suit").

Nevertheless, while McGuire's discovery responses disclose over forty persons with knowledge of relevant facts, his motion to transfer does not identify any specific witness that he desired to subpoena. Additionally, the record does not demonstrate that McGuire attempted to call any persons as witnesses who refused to attend his trial, that he sought to take depositions of witnesses residing beyond the subpoena range in an effort to obtain the testimony of such witnesses for trial, or that he offered a bill of proof to demonstrate why the testimony of any witness listed in his response to the State's request for disclosure was material to the dispute.

On appeal, McGuire argues a transfer of venue to Harris County was mandatory under Rule 258 of the Texas Rules of Civil Procedure because the State failed to object to his motion for change of venue. *See* Tex. R. Civ. P. 258. The record shows that McGuire's motion was not supported by a single affidavit, much less affidavits demonstrating the trial court had sufficient cause to justify a transfer of venue. *See* Tex. R. Civ. P. 257 (providing that motion for change of venue may be granted if supported by party's own affidavit and the affidavits of at least three

6

credible persons demonstrating that the party cannot obtain a fair and impartial trial).

"A trial court can deny the motion to transfer if the movant does not comply with Rule 257." *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding). Because McGuire's motion to transfer did not comply with Rule 257, the trial court acted properly by denying it. We overrule issue two. Having overruled both of McGuire's issues, we affirm the judgment rendered by the trial court.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 19, 2013
Opinion Delivered October 17, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.