In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00291-CV
_____

IN RE COMMITMENT OF JAMES WESLEY JACKSON JR.

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-10-10851 CV

MEMORANDUM OPINION

The State of Texas filed a petition to civilly commit James Wesley Jackson Jr. as a sexually violent predator under the Sexually Violent Predator Act. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found Jackson suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id*. § 841.003. The trial court entered a final judgment and an order of civil commitment under the Act. We affirm the judgment of the trial court.

1

Jackson raises three issues on appeal. In his first two issues, Jackson argues that the trial court committed reversible error by compelling him to respond to the State's request for admissions and by admitting his responses into evidence. In his third issue, Jackson argues that the trial court erred by admitting the facts and details related to his offenses into evidence.

## I.    REQUEST FOR ADMISSIONS

Jackson filed a motion for protective order asking the court to protect him from responding to the State's request for admissions. Jackson argued that the requested admissions numbered one through sixty-seven were objectionable because the use of such admissions would relieve the State of its burden of proof and the requirement that it obtain a unanimous jury verdict. The trial court denied his motion and ordered him to respond to the State's request. On appeal, Jackson argues that the State crafted request for admission number seventy-nine to relieve itself of the burden to prove beyond a reasonable doubt that Jackson suffers from a behavioral abnormality. Additionally, Jackson argues on appeal that the State's request for admissions encompassed ultimate issues of fact that should have been left to the fact finder.

Request for admission number seventy-nine and Jackson's stated response, which was read to the jury at trial, is as follows:

2

79. I admit that, even with all that I have learned in Sex Offender Treatment, it is still possible that I will sexually reoffend.

**RESPONSE: Respondent objects to this request for admission as the request addresses an ultimate issue, circumstance, or fact of the lawsuit filed under Chapter 841 of the Texas Health and Safety Code. This request calls for a legal conclusion. Subject to and without waiving this objection, admit.**

Jackson contends that "[b]ecause the trial court coerced [Jackson] to admit his propensity to recidivate in a sexually-violent manner, the trial court discharged the State's burden to prove the matters set forth in Texas Health & Safety Code § 841.003(a)(2)." We find Jackson's argument unpersuasive.

The primary purpose of requests for admission is to simplify trials by eliminating matters about which there is no real controversy; to obviate in advance of trial, proof of obviously undisputed facts. *Mosby v. Tex. & P. Ry. Co.,* 191 S.W.2d 55, 58 (Tex. Civ. App.—El Paso 1945, writ ref'd w.o.m.); *see generally* Tex. R. Civ. P. 198.1-198.3. We have previously held that requests for admissions may be used appropriately in SVP cases. *See In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). While the trial court ordered Jackson to respond to the State's requests for admissions, the order complained of certainly does not compel Jackson to admit any disputed fact. By admitting the specific request for admission, Jackson established the factual

statement as being undisputed for purposes of the commitment proceeding. *See* Tex. R. Civ. P. 198.3.

Under the SVP statute, the State must prove beyond a reasonable doubt that "the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a). The SVP statute defines "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). The statute defines "behavioral abnormality" as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2).

Jackson's admission that "it is still possible" that he will sexually reoffend, despite having undergone sex offender treatment, is nothing more than an admission that it is his own opinion that his reoffending remains a possibility. This admission did not alleviate the State's burden to prove beyond a reasonable doubt that Jackson suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* § 841.003(a)(2). Jackson further argues that he was required to testify, consistent with his admission in request

4

number seventy-nine, that he believed he would very likely sexually assault another person again. But Jackson denied the following requests for admissions:

56. I admit that I will reoffend against children when I am released from prison.

RESPONSE: Deny

57. I admit that I think I will reoffend against children when I am released from prison.

RESPONSE: Deny

58. I admit that I am afraid I will reoffend against children when I am released from prison.

RESPONSE: Deny

59. I admit that I think it [is] very likely that I will sexually assault again.

RESPONSE: Deny

60. I admit that I am afraid that I will sexually assault again.

RESPONSE: Deny

. . . .

77. I admit that I have not learned enough in Sex Offender Treatment to keep me from sexually reoffending.

RESPONSE: Deny

78. I admit that I have not learned enough in Sex Offender Treatment to guarantee that I will not sexually reoffend.

5

RESPONSE:  Deny

In his response to the State's request for admission number thirty-two, Jackson admitted, without objection, that he is sexually aroused by children. During the State's direct examination of Jackson, Jackson unequivocally acknowledged that he is still attracted to children and if he found himself alone with a child, he would try to have sex with them.  He further testified that he believes he continues to need sex offender treatment, is afraid he will sexually reoffend, and believes that it is very likely that he will sexually assault someone in the future. Contrary to Jackson's assertion on appeal, Jackson's trial testimony that he believes it is very likely he will sexually assault someone again was not dictated by his response to the State's request for admission number seventy-nine.  To the contrary, Jackson denied request for admission number fifty-nine, which asked him to admit that it was very likely he would sexually assault again.

We note that the State explained its burden of proof during voir dire and closing argument, and the jury charge included the proper burden of proof.  We conclude that permitting the State to tender into evidence Jackson's responses to the State's requests for admissions, including his admission to request number seventy-nine, did not lower the State's burden of proof. *See In re Commitment of Camarillo*, No. 09-12-00304-CV, 2013 WL 2732662, at \*\*2-3 (Tex. App.—

6

Beaumont June 13, 2013, no pet.) (mem. op.); *In re Commitment of Delacruz*, No. 09-11-00554-CV, 2012 WL 252543, at *3 (Tex. App.—Beaumont Jan. 26, 2012, pet. denied) (mem. op.).  The trial court did not abuse its discretion by compelling Jackson to respond to the requests for admissions or by admitting his responses into evidence.  We overrule issues one and two.

## II.    ADMISSION OF FACTS RELATED TO OFFENSES

In his third issue, Jackson argues that the trial court erred in admitting factual details of Jackson's crimes, over his objection.  At trial, Jackson objected to this evidence during the testimony of the State's experts, Dr. Jason Dunham and Dr. Sherry Gaines, on the basis that it was hearsay and was irrelevant.  He also incorporated by reference, his trial objections to the testimony of both experts, which included objections under Rule 403 and 705(d) of the Texas Rules of Evidence.    The trial court overruled his objections. During Dr. Dunham's testimony the trial court gave the jury the following limiting instruction:

> . . . Hearsay is a statement offered in evidence to prove the truth of the matter asserted other than a statement by a party opponent, deposition testimony or one made by the declarant while testifying at the trial.  These last three forms of testimony are not hearsay.  Now, in this case, you will hear certain hearsay information contained in records reviewed by experts presented before you through the expert's testimony.  Such hearsay information was presented to you only for the purpose of showing the basis or basis for the expert opinions.  And cannot be considered by you as evidence to prove the truth of the matter asserted.  It was presented to you solely to afford you the

7

opportunity to decide the weight and credibility to be given to the expert's opinion. Is that satisfactory?

During Dr. Gaines's testimony, the trial court ruled that Jackson's request for a limiting instruction was premature. Jackson did not make another request for a limiting instruction during Dr. Gaines's testimony. Jackson also testified, without objection, regarding the details of his sexual offenses.

We review the admission of evidence under an abuse of discretion standard. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *In re Commitment of Salazar*, No. 09-07-345 CV, 2008 WL 4998273, at *2 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). A judgment will not be reversed based on the admission of evidence unless the appellant establishes that the trial court's ruling was in error and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Salazar*, 2008 WL 4998273, at *2; *see also* Tex. R. App. P. 44.1(a)(1).

Under Rule 705 of the Texas Rules of Evidence, an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which he bases his opinion. Tex. R. Evid. 705(a); *In re*

*Commitment of Yaw*, No. 09-08-042 CV, 2008 WL 5096511, at \*1 (Tex. App.—

Beaumont Dec. 4, 2008, no pet.) (mem. op.).  Rule 705(d) provides as follows:

> *(d) Balancing Test; Limiting Instructions.--*   When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial.   If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Tex. R. Evid. 705(d).  "When an expert relies upon hearsay in forming his opinion,

and it is of a type reasonably relied upon by such experts, the jury is generally

permitted to hear it." *Salazar*, 2008 WL 4998273, at \*4.

Jackson did not object to the limiting instruction given during Dr. Dunham's

testimony or the limiting instruction contained in the jury charge. Both experts

testified regarding the facts they considered in forming their opinions, and how

those facts affected their determination of whether Jackson suffered from a

behavioral abnormality. The trial court could have reasonably concluded that the

facts and details related to Jackson's underlying offenses would be helpful to the

jury to explain how the State's experts formed their opinions that Jackson suffers

from a behavioral abnormality.  Given the purpose for admitting this evidence, its

cumulative nature, and the trial court's limiting instructions, the trial court's

conclusion that the evidence was not unfairly prejudicial was reasonable. *See In re*

9

*Commitment of Ford*, No. 09-11-00425-CV, 2012 WL 983323, at \*2 (Tex. App.—Beaumont Mar. 22, 2012, no pet.) (mem. op.); *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied). We conclude that the admission of the challenged evidence was not an abuse of discretion and did not cause the rendition of an improper verdict. *See* Tex. R. App. P. 44.1(a)(1). We overrule issue three.

Having overruled all of Jackson's appellate issues, we affirm the trial court's judgment.

AFFRIMED.

_____
CHARLES KREGER
Justice

Submitted on May 22, 2013
Opinion Delivered October 31, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.