In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00349-CV**

_____

**IN RE COMMITMENT OF DONNIE DWAYNE BUNN**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-12-12936 CV**

**MEMORANDUM OPINION**

Donnie Dwayne Bunn challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (the SVP statute). A person is a "sexually violent predator" subject to commitment if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. § 841.003(a) (West 2010). Bunn raises discovery challenges, and also argues the trial court erred in denying his motion to strike the testimony of the State's expert witness.

DISCOVERY RULINGS

In two issues, Bunn contends the trial court erred by refusing to require the State to respond to his requests for admissions and by ordering him to respond to the State's requests for admissions. We review the trial court's discovery rulings on the admission requests under an abuse of discretion standard. *See In re Commitment of Perez*, No. 09-12-00132-CV, 2013 WL 772842, at *5 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.).

Absent conflicts with other provisions of the SVP statute, the rules of discovery apply to SVP proceedings. *See In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). "[T]he State does not enjoy any general exemption from the requirement that it respond or object to requests for admissions under the same rules that apply to other litigants in civil cases." *See In re Commitment of Young*, No. 09-11-00663-CV, 2013 WL 4758218, at *2 (Tex. App.—Beaumont Sept. 5, 2013, no pet. h.). The trial court erred in granting a protective order shielding the State from answering all requests for admissions.

Although Bunn argues the error is "per se harmful[,]" appellate rules generally require that a judgment in a civil case cannot be reversed unless there is error that probably caused the rendition of an improper judgment or probably

prevented the appellant from presenting the case to the appellate court. *See* Tex. R. App. P. 44.1(a). Relying on *Ford Motor Co. v. Castillo*, Bunn asserts that it is impossible to determine harm because the evidence he sought does not appear in the appellate record. 279 S.W.3d 656, 659-61 (Tex. 2009) (Trial court refused to allow defendant to conduct any discovery on the claim of outside influence on jury.). Bunn argues he was "prevent[ed] from adequately prosecuting an appeal on that basis[,]" and the error should be deemed harmful. Bunn does not indicate what evidence is missing from the appellate record. We consider whether the trial court's error in granting the State's motion for protective order was harmless under the circumstances, or whether a new trial is required. *See In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 WL 3355758, at \*\*3-4 (Tex. App.— Beaumont June 27, 2013, pet. filed); *In re Commitment of Perez*, 2013 WL 772842, at \*6 .

The record demonstrates that Bunn had access from other sources to the information he sought in his requests for admissions. Prior to trial, Bunn's counsel deposed his expert witness, Dr. Roger Saunders. Bunn was deposed prior to trial. The State's expert witness was Dr. Arambula. Bunn did not allege during trial or in any post-judgment motion that he did not depose, or did not have the opportunity to depose, Arambula prior to trial. The trial court's docket control order required

3

the State, upon Bunn's request, to produce the Multi-Disciplinary Team referral packet, which contained the records upon which the experts relied to form their opinions. Bunn had a list of the State's expert and non-expert witnesses. At trial, Bunn did not demonstrate that he was surprised by any issue or matter contested by the State, or that he was unable to establish an uncontested matter that was the subject of a request for admission. Based on a review of the entire record, we cannot conclude that the error by the trial court in granting the State's motion for protective order caused the rendition of an improper judgment under the circumstances, or prevented Bunn from presenting his case on appeal. *See* Tex. R. App. P. 44.1(a); *In re Commitment of Smith*, No. 09-12-00001, 2013 WL 4279647, at \*\*1-3 (Tex. App.—Beaumont, Aug. 15, 2013, no pet. h.); *In re Commitment of Weissinger*, 2013 WL 3355758, at \*\*3-4. We overrule issue one.

Bunn also contends the trial court erred in requiring him to respond to the State's requests for admissions. In an SVP case, the State is permitted to submit requests for admissions. *See In re Commitment of Delacruz*, No. 09-11-00554-CV, 2012 WL 252543, at \*\*2-3 (Tex. App.—Beaumont Jan. 26, 2012, pet. denied) (mem. op.). Bunn contended in his motion for a protective order that the effect of the trial court's order requiring him to answer the requests for admissions was to lower the State's burden of proof at trial. A matter admitted to be the truth under

4

Rule 198 is conclusively established as to a party making the admission unless the court permits the withdrawal or amendment of the admission. *See* Tex. R. Civ. P. 198.3; *In re Commitment of Frazier*, No. 09-10-00033-CV, 2011 WL 2566317, at *2 (Tex. App.—Beaumont June 30, 2011, no pet.) (mem. op.). The Rule provides that "[a]n assertion that the request presents an issue for trial is not a proper response." *See* Tex. R. Civ. P. 198.2(b). Admissions may assist the opposing party in satisfying its duty to produce evidence, but satisfying the burden of proof is not the same as lowering the burden. Rather than lowering the burden of proof, the State's requests for admissions in an SVP case serve to identify matters the opposing party admits are true. *See In re Commitment of Delacruz*, 2012 WL 252543, at *3; *see also* Tex. R. Civ. P. 198.1.

The jury charge included the proper burden of proof. The State explained the beyond-a-reasonable-doubt burden-of-proof standard during voir dire and opening statement; defense counsel explained the burden of proof in his opening statement and during closing argument.

Bunn also asserts that certain requests for admission are improper. Request 57 asks if he admits he is "sexually aroused by young girls." Request 58 asks if he admits he is "sexually attracted to pre-teen girls." Bunn admitted both in his responses to the State's requests. The responses are relevant to whether he has a

behavioral abnormality, whether he is a danger or menace to society, and whether there is a risk for him to reoffend. *See* Tex. Health & Safety Code Ann. §§ 841.002(2), 841.003(a). Bunn maintains that the trial court "coerced [him] to admit his compromised condition and his serious difficulty controlling his behavior," and thereby "effectively discharged the State from proving those disputed matters required by the SVP statute . . . ." He argues that requests for admissions may not require him to admit a disputed fact, and that certain admission requests have that effect. But by propounding requests, the State did not "coerce" Bunn to answer the requests a certain way. *See* Tex. R. Civ. P. 198.2(b). The trial court did not abuse its discretion in denying Bunn's motion for a protective order. We overrule issue two.

## ADMISSIBILITY OF EXPERT TESTIMONY

In issue three, Bunn argues that the trial court erred in denying his motion to strike the testimony of the State's forensic psychiatrist, Dr. Arambula. A trial court's ruling on the admission of evidence is reviewed under an abuse of discretion standard. *See In re Commitment of Salazar*, No. 09-07-345 CV, 2008 WL 4998273, at *2 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). A trial court abuses its discretion when it acts without reference to guiding rules or principles or when its ruling is arbitrary or unreasonable. *In re*

6

*Commitment of Day*, 342 S.W.3d 193, 218 (Tex. App.—Beaumont 2011, pet. denied). Bunn contends that Dr. Arambula does not properly understand the SVP statute, because he agreed that anyone with a behavioral abnormality is likely to engage in a future act of predatory violence.

The Texas Supreme Court stated in *Bohannan* that "whether a person 'suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence' is a single, unified issue." *In re Commitment of Bohannan*, 388 S.W.3d 296, 303 (Tex. 2012), *cert. denied*, 133 S.Ct. 2746, 186 L.Ed.2d 202 (2013); *In re Commitment of Anderson*, 392 S.W.3d 878, 885-86 (Tex. App.—Beaumont 2013, pet. denied). "The required condition *is* the predisposition." *In re Commitment of Bohannan*, 388 S.W.3d at 302. A conclusion that a person is likely to engage in a predatory act of sexual violence directed towards individuals for the primary purpose of victimization is implicit in the jury's finding of a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Simmons*, No. 09-09-00478-CV, 2011 WL 2420832, at *7 (Tex. App.—Beaumont Jun. 16, 2011, no pet.) (mem. op.). As the Supreme Court explained, "The condition and predisposition cannot be separate things[.]" *See In re Commitment of Bohannan*, 388 S.W.3d at 303. The trial court did not abuse its discretion in admitting the

testimony of Dr. Arambula. We overrule issue three. We affirm the trial court's judgment.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on September 30, 2013
Opinion Delivered October 31, 2013

Before Gaultney, Kreger, and Horton, JJ.