In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00239-CV**
_____

**IN RE COMMITMENT OF RAYMOND MICHAEL SHOEMAKER**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-10-10748 CV**

## MEMORANDUM OPINION

Raymond Michael Shoemaker appeals from a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). In one issue, Shoemaker contends the trial court abused its discretion by denying his request to videotape his post-petition psychiatric examination, an examination conducted at the State's request by Dr. Sheri Gaines, a board-certified psychiatrist. We conclude that the trial court did not abuse its discretion by denying his request; therefore, we affirm the judgment and order of civil commitment.

Shoemaker argues that the rules governing discovery in civil cases required that the trial court grant his request. We review a trial court's discovery ruling in SVP cases using an abuse-of-discretion standard. *See In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied); *see also* Tex. Health & Safety Code Ann. § 841.146(b) (West 2010). To demonstrate that a trial court abused its discretion in denying a request for discovery, a party must demonstrate that the trial court acted without reference to any guiding rules and principles, or demonstrate that it acted arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To demonstrate that the ruling on a discovery request was harmful, the party deprived of discovery must show the trial court's ruling probably resulted in the rendition of an improper judgment, or show that the ruling prevented the appellant from properly presenting his case on appeal. *See* Tex. R. App. P. 44.1(a).

In the request that Shoemaker filed seeking permission to videotape Dr. Gaines's examination, Shoemaker argued that he would not be able to "controvert the State's expert's subjective statements about [Shoemaker's] conduct during the evaluation" without a videotape, and he suggested that "a video would disclose whether the expert's technique involves leading [Shoemaker] to give various answers, directing the interview toward a particular result[.]" Shoemaker's motion

also argues that a videotape of the examination would have been useful to him when his trial attorney cross-examined Dr. Gaines. Shoemaker's motion argued that he would not have information that would prove essential to his defense if the trial court denied his request.

In its response, the State argued that neither the SVP statute nor the Texas Rules of Civil Procedure require the trial court to allow the videotaping of a post-petition psychiatric examination. The trial court denied Shoemaker's motion, and the examination was not videotaped.

The SVP statute does not grant a party the right to videotape the examination by the State's expert. *In re Commitment of Ramsey*, No. 09-14-00304-CV, 2015 WL 1360039, at *4 (Tex. App.—Beaumont Mar. 26, 2015, no pet. h.) (mem. op.). The examination by the State's expert, however, is an examination that is authorized by one of the provisions of the statute governing SVP cases. *See* Tex. Health & Safety Code Ann. § 841.061(c) (West 2010) ("The person and the state are each entitled to an immediate examination of the person by an expert.").

Shoemaker does not claim that the SVP statute required the examination by Dr. Gaines to be videotaped. *See id.* Instead, he argues that Rule 204.1 of the Texas Rules of Civil Procedure authorized the trial court to establish the manner and the conditions under which a mental examination is to occur. *See generally* Tex. R. Civ. P. 204.1(d) (explaining that an order for a physical or a mental examination

3

under Rule 204.1(c) "must be in writing and must specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made"). The State contends that while the trial court could have required the examination to be videotaped, the trial court had the discretion to deny Shoemaker's request because the manner and conditions the court decided to impose were matters within its discretion. According to the State, the trial court did not have a mandatory duty to require the exam to be videotaped under the provisions of section 841.061 of the Texas Health and Safety Code or under Rule 204.1 of the Texas Rules of Civil Procedure.

We agree with the State that the Texas Rules of Civil Procedure do not mandate that the court require mental examinations to be videotaped. Rule 194.2(f)(3) allows a party to discover the general substance of a testing expert's mental impressions and opinions, and a brief summary of the bases for the opinions. *See* Tex. R. Civ. P. 194.2(f)(3). Additionally, Rule 195.3 requires that a party seeking affirmative relief make its expert available for a deposition, and Rule 195.4 allows a party to obtain a deposition from an expert on the subject matter on which the expert is expected to testify. *See* Tex. R. Civ. P. 195. However, the Rules of Civil Procedure do not mandate that a trial court allow the party seeking discovery to videotape the process the opposing party's expert goes through in forming opinions.

4

We are not persuaded that the existing discovery rules involving experts do not adequately allow the parties to fully and effectively discover the basis on which an expert has based her opinion. We are also not persuaded that the existing rules of discovery are inadequate to allow counsel to effectively prepare to cross-examine an opposing expert witness in a trial—in this case, for instance, the record shows that Shoemaker's counsel took Dr. Gaines's deposition prior to the trial.

We hold that Shoemaker has not shown the trial court abused its discretion by denying his request to videotape Shoemaker's post-petition psychiatric examination. *See Robinson*, 923 S.W.2d at 558; *Ramsey*, 2015 WL 1360039, at *5 (concluding that due process does not require videotaping a mental examination under section 841.061 of the Texas Health and Safety Code). We overrule Shoemaker's sole issue, and we affirm the judgment and order of civil commitment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 29, 2014
Opinion Delivered May 7, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.